UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:14-cv-00035-FDW

| | |
|---|---|
| JAMES LADALE SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Brief in Support (Doc. No. 12-1), both filed on April 27, 2015; Defendant's Motion for Summary Judgment (Doc. No. 14) and Defendant's Memorandum in Support (Doc. No. 15), both filed June 24, 2015; and Plaintiff's Response Brief (Doc. No. 16) filed on July 13, 2015. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision which found him not disabled under the Social Security Act (the "Act").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied, Defendant's Motion for Summary Judgment is granted, and the Commissioner's decision is affirmed.

**BACKGROUND**

On March 22, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits with an alleged disability onset date of June 29, 2009. (Tr. 130-136, 169, 185). His claim was initially denied on August 10, 2010, and was denied again upon reconsideration on

January 6, 2011. (Tr. 61, 62-75, 84-89).

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on March 2, 2011 (Tr. 90-91), and that hearing, at which Plaintiff was represented by counsel, was held in Macon, Georgia on August 23, 2012, before ALJ Carol G. Moore. (Tr. 35-60). On March 20, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act (Tr. 12-31). On June 27, 2014, Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, rendering the ALJ's decision the Commissioner's final decision in this case. (Tr. 2-6).

Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right to review of the Commissioner's final decision, and he timely filed the present action on August 25, 2014. (Doc. No. 1). The parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). District courts do not review a final decision of the Secretary de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even

in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

## ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between his alleged onset date of June 29, 2009 and the date of the ALJ's decision.[1] Plaintiff has the burden of proving he was disabled within the meaning of the Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration ("SSA") uses a five step sequential evaluation process, pursuant to 20 C.F.R. § 404.1520, for determining disability claims. If a claimant is found to be disabled or not disabled at any step, the inquiry ends and the adjudicator does not proceed further in the process. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe and meets the twelve month durational requirement set

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering his RFC and vocational factors, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

The claimant bears the burden of production and proof during the first four steps of the inquiry. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If he is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy which the claimant could perform. Id.

In the instant case, the ALJ determined at step one that Plaintiff has not been engaged in substantial gainful activity as set forth in the statute since his alleged onset date of June 29, 2009, through March 20, 2013, the date of the ALJ's decision. (Tr. 17). At step two, she determined that Plaintiff had the severe impairments of cervical disc disease; status-post anterior cervical discectomy fusion at C5-C6 and C6-C7 and removal of hardware; degenerative disk disease of the lumbar spine status-post laminectomy; left rotator cuff injury; status-post repair; and obesity. Id. The ALJ found at step three that Plaintiff did not meet any of the listings. (Tr. 18). The ALJ also found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except he is capable of lifting and carrying up to 10 pounds frequently and up to 20 pounds occasionally; but with no lifting from floor level; he can sit for 6 hours and stand/walk for 6 hours

4

in an 8-hour workday; he can occasionally push/pull, climb ramps and stairs; balance, stoop, kneel, crouch, crawl, and reach overhead; never climb ropes, ladders or scaffolds; and he should never be exposed to work hazards such as operating heavy machinery, commercial driving, or work at unprotected heights. (Tr. 19). At step four, the ALJ found that Smith is capable of performing past relevant work as a radio operator, based on the testimony of the vocational expert "that a person with the same age, education, vocational background, and residual functional capacity, and residual functional capacity as the claimant . . . ." (Tr. 31).

On appeal to this Court, Plaintiff presents the following assignments of error: (1) the vocational opinion is inconsistent with the Dictionary of Titles ("DOT") descriptions and that inconsistency has not been properly explained and resolved by the ALJ; and (2) the ALJ has made an inconsistent finding where an award would be directed under one of those findings. (Doc. No. 12-).

Turning to the arguments in this case, the Court has reviewed the pleadings and briefs and addresses Plaintiff's assignments of error below.

**A. Past Relevant Work**

Plaintiff argues that the step four determination of the ability to return to past relevant work must be developed and fully explained. (Doc. No. 12-1). Plaintiff identifies four sub-issues concerning the procedure used at the step-four determination, and he requests that this Court remand this case in order to resolve the alleged discrepancy between the VE testimony and the DOT. Upon review of the record, the Court finds that the ALJ's determination of Plaintiff's disability was supported by sufficient explanation and, therefore, Plaintiff's argument is without merit.

### 1. Sound Testimony

The vocation expert identified past relevant work as a radio operator, a state trooper, and a motor vehicle inspector. Both vocational experts agreed that Plaintiff's limitations prohibited past work as a state trooper and a motor vehicle inspector. Because there were no other alternate jobs identified by the vocational expert, the procedure by which the job of radio operator was established as a possible job must be proper. (Doc. No. 12-1, p. 20). The Court agrees with Plaintiff, but also notes that the ALJ found at step four that Plaintiff could perform past relevant work as a radio operator and therefore did not proceed to step five. See 20 C.F.R. § 404.1520(a)(4). Only at step five is the number of potential jobs a relevant factor to support a nondisability finding. See Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979). Therefore, the number of jobs available is not relevant to an alleged assignment of error at the step-four determination.

### 2. The ALJ's Reliance on VE Testimony

Plaintiff argues that the VE must explain any variance between his testimony and the DOT in order for vocational testimony to be considered sound and that an ALJ must ask the expert how his testimony as to the exertional requirement of identified jobs corresponds with the DOT.

Pursuant to SSR 00-4p,

> [o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision."

Policy Interpretation Ruling : Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P (S.S.A. Dec. 4, 2000).

The Fourth Circuit has held that an ALJ has a duty to further develop the record only "when the evidence is inadequate" to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Where "[t]he ALJ had before him sufficient facts to determine the central issue of disability," the ALJ is not required to further develop the record. Scarberry v. Chater, 52 F.3d 322, 1995 WL 238588 at *4, n. 13 (4th Cir. 1995). To determine whether a claimant can perform a past relevant job, an ALJ may rely on VE testimony, provided that the VE's testimony is in response to a hypothetical question based on an accurate RFC. Brewton v. Astrue, No. 1:09-cv-00188, 2010 WL 3259800, at *11 (W.D.N.C. July 26, 2010) (citing Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989)); )), see also, Ross v. Colvin, No. 1:12-cv-00319-RJC, 2013 WL 4495138, at *3 (W.D.N.C. Aug. 20, 2013) ("[G]iven that the ALJ included the restrictions from his RFC determination in the hypothetical question to the vocational expert, and the vocational expert was able to identify sedentary jobs based on those restrictions, there is no error . . . ." (internal citation omitted)).

Looking to the RFC, the ALJ found Smith able to "*occasionally* push/pull, climb ramps and stairs; balance, stoop, kneel, crouch, crawl, and reach overhead; *never* climb ropes ladders or scaffolds; and he should *never* be exposed to work hazards such as operating heavy machinery, commercial driving, or work at unprotected heights." (Tr. 20) (emphasis added). The ALJ's use of separate modifiers for each phrase separated by a semi-colon, as well as her repetition of "never" to modify two consecutive phrases, suggest that Plaintiff misapplied the modifier "occasionally" to the separate phrase "reach overhead." Thus, it appears that the ALJ has found Smith capable of reaching overhead without placing a limitation or modifier.

Even assuming that the ALJ had found Smith limited to occasional overhead reaching, SSR

7

00-4p requires an adjudicator to elicit a reasonable explanation "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT." SSR 00-4P (S.S.A. Dec. 4, 2000). Plaintiff argues that an ALJ must inquire "whether or not there is consistency [between his or her testimony and the Dictionary of Occupational Titles.]" (Doc. No. 12-1, p. 20, citing SSR 004-p, 2000 WL 1898704 at *2). The Commissioner responds that "[t]he ALJ properly assessed whether he [Smith] could perform his past job as a radio operator." (Doc. No. 15, p. 5). According to the deposition transcript, the ALJ asked VE William Stark several hypothetical questions:

> Please assume a younger individual the same age, education and work experience as the claimant with work of semi-skilled and skilled nature such as that of the claimant. Lift/carry 10 pounds frequently, 20 occasionally. Sit/stand/walk six hours in an eight-hour workday. Occasionally push/pull. No ladders, ropes, scaffold. Occasional ramps and stairs, crawl, overhead reaching. No more than frequent exposure to hazards such as moving machinery and unprotected heights. Can this hypothetical individual do the past work of claimant?

(Tr. 57). The VE responded that only the job of radio operator would remain as a viable option for Plaintiff. The ALJ followed up by asking specifically about the radio operator job:

> Please assume all the factors of the first hypothetical with the following addition. The hypothetical individual should do no lifting from floor level. Occasional ramps and stairs, balance, stoop, kneel, crouch, crawl and twist. No operation of heavy machinery or perform commercial driving. Could such an individual perform the radio operator?

(Tr. 57-58). The VE responded that a similarly situated individual is able to perform the radio operator job. The ALJ further asked whether the VE's testimony was consistent with the DOT, to which the VE replied affirmatively. (Tr. 58). Thus, the ALJ identified restrictions in her hypothetical questions and the VE still found Smith capable of performing his past job as a radio operator.

8

Thus, the trial record supports the Commissioner's argument, showing that the ALJ asked whether the VE's testimony was consistent with the DOT, to which the VE replied affirmatively. (Tr. 58). This Court and the Fourth Circuit have established that a response to a hypothetical question is explanation enough to resolve any conflict between the VE testimony and the DOT and thus finds that the ALJ met her duty of developing the record.

### 3. VE Testimony and the DOT

Plaintiff argues that there is a possible conflict between the SCO's indication that a job requires frequent reaching and the ALJ's RFC, which permits only occasional reaching overhead. As previously discussed, the ALJ did not limit Smith's overhead reaching in her final report. However, in the ALJ's questions to the VE, she did limit overhead reaching to *occasional* reaching, showing that the VE took that limitation into consideration.

To support his argument, Plaintiff cites to Swetalla v. Colvin, No. 1:13-cv-01652, 2015 WL 755132 (E.D. Cal. Jan. 6, 2015), where the District Court found the DOT's requirement for frequent or constant "reaching" potentially conflicted with an ALJ's limitation of a claimant to occasional "overhead reaching" and the case was remanded. However, the Swetalla court explained that "the ALJ's failure to explicitly ask whether the VE's testimony was consistent with the DOT" is harmless procedural error when there is not an apparent conflict between the two. As previously discussed, the ALJ specifically asked VE Stark whether his answer that Smith could perform the operator job was consistent with the DOT. (Tr. 57-58). Thus, even under the rationale of Swetalla, no procedural error occurred in the present case.

Furthermore, this Court finds even more persuasive the rationale in Ross v. Colvin, No. 1:12-cv-00319-RJC, 2013 WL 4495138, at *3 (W.D.N.C. Aug. 20, 2013). In Ross, this Court

9

found that an ALJ's limitation of a claimant to occasional overhead bilateral reaching is a specific subset of reaching. Id. Claimant's failure to establish a conflict between whether jobs require occasional overhead reaching as opposed to frequent reaching in general was found detrimental. Id.

Similarly, the Fourth Circuit has found no conflict between a limitation with overhead reaching and the DOT's requirement of continual, frequent, or occasional reaching. See Byrd v. Apfel, 168 F.3d 481 (Table), 1998 WL 911718, at *6 (4th Cir. 1998) ("Although reaching is involved in these jobs, the reaching does not necessarily conflict with [the plaintiff's] restriction from overhead reaching. The job descriptions do not state that overhead reaching is required."). While the VE in Byrd testified that the named jobs did not require overhead reaching, the Fourth Circuit found the absence of "overhead reaching" in the DOT description to be persuasive. Byrd, 1998 WL 911718, at *6 ("[W]e find that the VE's testimony that overhead reaching is usually not involved in the seven stated jobs is not in conflict with the job descriptions that require non-specific reaching).

As previously discussed, the ALJ did not specifically limit Smith's overhead reaching in her final report. (Tr. 30). The ALJ also did not specify that the overhead reaching is bilateral but instead found, at step two, that Plaintiff had a severe impairment of a left rotator cuff injury. (Tr. 17). In her RFC assessment, the ALJ cited to medical evidence showing the presence of left should related problems. (See Tr. 20-21, 23-24, 29). The Commissioner also identifies three opinions to which the ALJ assigned "great weight." The first, Charles Jones, an agency consultant, opined that Plaintiff should limit his overhead reaching with the "left arm to occasional and right arm to frequent." (Tr. 618). The second, Dr. Stephen Burge, a non-examining state agency physician,

agreed with consultant Jones' opinion that Plaintiff could frequently perform overhead reaching with the right arm and found no change from Jones' RFC assessment. (See Tr. 70, 618). The third, Dr. Charles Hancock, an orthopedic surgeon, could occasionally reach and handle with the left hand. (Tr. 27, 896). Further, the record shows that Plaintiff complained primarily of left shoulder problems. (See Tr. 368, 371, 277, 650, 652, 661). Here, as in Ross and Byrd, there was not an apparent conflict between the specific limitation of overhead reaching and the broader DOT description of reaching. See Canton v. Astrue, No. 08-cv-3038 (NGG)(JO), 2010 WL 5391184, at *7 (E.D.N.Y. Dec. 22, 2010) ("Where both hands are required to perform a listed job, the DOT has not been shy in saying so.").

It is also worth mentioning that the Fourth Circuit has held that a plaintiff has the burden of showing that he can no longer perform his former work because of his impairments. Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013); see also Chater, 65 F.3d at 1203. This Court emphasizes that the burden of proof remains with the Plaintiff and, as cited in Ross, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing . . . ." Id. (citing Carey v. Apfel, 230 F.3d 131, 146-147 (5th Cir. 2000)).

### 4. Documentation of Past Relevant Work

Plaintiff argues that the ALJ must carefully document Smith's past relevant work and. In order to find a claimant capable of performing past relevant work, SSR 86-62 requires:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past

> job/occupation.
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

<u>Titles II & Xvi: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen.</u>, SSR 82-62 (S.S.A. 1982). To support his argument, Plaintiff simply asserts "[t]here can be no doubt that the above rules have been violated" and argues that "[t]here is certainly no explanation by the ALJ of how he [sic] determined that the reaching requirements of the radio operator job were satisfied . . . ." (Doc. No. 12-1, p. 27). As the Commissioner notes in her Motion for Summary Judgment, the ALJ relied upon the claimant's testimony, reports from the State agency about work activity and the testimony of the vocational expert. This Court has already analyzed the ALJ's reliance on the VE testimony and found that the ALJ met her duty of resolving any apparent conflicts that would prohibit Plaintiff from returning to his past job.

**B. ALJ's Treatment of a Consultative Examiner**

Plaintiff argues that a limitation to simple instructions is compatible with only unskilled work and therefore, the ALJ's finding that Smith could perform his past, semi-skilled job as a radio operator is an inconsistent finding of fact. However, the Commissioner argues that to the extent any conflict existed between Dr. Carden's opinion and the ALJ's finding, such error would be harmless because the ALJ also gave great weight to Dr. Petzelt. "[T]he testimony of a nonexamining physician can be relied upon when it is consistent with the record." <u>Gordon v. Schweiker</u>, 725 F.2d 231, 235 (4th Cir. 1984), <u>see also</u>, 20 C.F.R. § 404.1527 (e)(2)(i) (state agency physicians are highly qualified physicians who are experts in Social Security disability evaluation). Dr. Petzelt found that Smith did not have a severe mental impairment and no mental functional limitations. (Tr. 18, 601, 611). Dr. Carden himself found that Plaintiff had no functional

limitations with respect to activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. (Tr. 611). Dr. Carden also performed testing showing that Plaintiff had a valid full-scale quotient score of 84, which placed him in the low average range of mental ability. (Tr. 23, 596). The ALJ also considered Plaintiff's allegation that he experienced decreased concentration and memory, but she noted that Plaintiff was able to drive short distances, manage money, make purchases, and pay bills. (Tr. 29, 291). The ALJ also noted that Plaintiff denied receiving mental health treatment. (Tr. 18, 50).

Further, Dr. Carden stated that Plaintiff had "no symptoms reported sufficient with DSM-IV criteria" and that he was "optimistic" Plaintiff would make a recovery within 12 months. (Tr. 597). Therefore, the ALJ's finding that Plaintiff is capable of performing his past, semi-skilled job as a radio operator is consistent with the evidence on the record.

## CONCLUSION

Accordingly, the ALJ's decision that Plaintiff was not disabled was substantially supported by the evidence and the record as a whole. The ALJ correctly reviewed, considered, inquired, and explained in detail why Plaintiff was able to perform his past relevant work as a radio operator. Furthermore, the ALJ properly considered all opinion evidence given by treating physicians and other medical experts. Therefore, the Court **GRANTS** summary judgment in favor of Defendant, **DENIES** Plaintiff's motion for summary judgment, and the Commissioner's decision is **AFFIRMED**. The Clerk's office is respectfully directed to CLOSE the case.

**IT IS SO ORDERED.**   Signed: August 12, 2015

Frank D. Whitney
Chief United States District Judge